**IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Case No. 19-cv-02789-DDD-NYW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MARK RAY,
REVA STANCHIW,
RONALD THROGMARTIN,
CUSTOM CONSULTING & PRODUCT SERVICES, LLC,
RM FARM AND LIVESTOCK, LLC,
MR CATTLE PRODUCTION SERVICES, LLC,
SUNSHINE ENTERPRISES,
UNIVERSAL HERBS, LLC,
DBC LIMITED, LLC,

    Defendants.

## CONSENT BIFURCATED JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendants Reva Stachniw, RM Farm & Livestock, LLC ("RM Farm"), and Sunshine Enterprises (collectively, the "Settling Defendants") having entered a general appearance, consented to the Court's jurisdiction over the Settling Defendants and the subject matter of this action, consented to entry of this Bifurcated Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction) waived findings of fact and conclusions of law, and waived any right to appeal from this Bifurcated Judgment:

I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Settling Defendants, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them are permanently enjoined from violating, directly or indirectly:

A. Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a), (b) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a), (b) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(1) to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by providing false or misleading information or omitting to provide material information to actual or prospective investors concerning the performance, return, existence, use or disposition of investor funds.

B. Section 17(a)(1), (2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; by providing false or misleading information or omitting to provide material information to actual or prospective investors concerning the performance, return, existence, use or disposition of investor funds.

  C. The Settling Defendants are specifically enjoined from offering any investments purportedly backed by cattle, cattle trading or legal marijuana transactions or businesses.

## II

**IT IS FURTHER ORDERED** that the action between the Commission and the Settling Defendants shall be administratively stayed until 30 days after any state-court-appointed receiver over the Settling Defendants has obtained approval of a final plan for distributing the assets of the receivership to investors or until further order of this Court should no such receiver be appointed. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery for 90 days after the administrative stay has been lifted, including discovery from appropriate non-parties. Any such discovery shall be limited to issues relevant to the determination of disgorgement and/or civil penalties. The Commission shall file its motion to set monetary remedies within 30 days after the completion of such discovery.

III

**IT IS FURTHER ORDERED** that after the stay is lifted, upon motion of the Commission, the Court, or a magistrate judge should the parties consent to having such issue determined by a magistrate judge, shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] against the Settling Defendants, and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, the Settling Defendants shall pay prejudgment interest thereon, calculated from June 1, 2014, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) the Settling Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) the Settling Defendants may not challenge the validity of the Consent or this Bifurcated Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn depositions or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure or Federal Rule of Evidence 802.

IV

**IT IS FURTHER ORDERED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that the Settling Defendant shall comply with all of the undertakings and agreements set forth therein.

V

**IT IS FURTHER ORDERED** that, until further order of this Court, the assets of RM Farm and Sunshine Enterprises, as well as the real property, equipment, supplies or inventory located at 12700 E. Lone Chimney Rd., Glencoe, OK 74032 that are in the name of or under the control of Defendant Stachniw (collectively, the "Frozen Assets") be, and hereby are, frozen. The freeze shall include but not be limited to those funds located in any bank accounts, brokerage accounts, mutual funds, hedge funds and any other accounts or property of RM Farm or Sunshine Enterprises.  Until further order of this Court, RM Farm and Sunshine Enterprises, and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court or a state court, hereby are prohibited and restrained from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any of the Frozen Assets, including, but not limited to, cash, securities, free credit balances, real property, and/or property pledged or hypothecated as collateral for loans.

VI

**IT IS FURTHER ORDERED** that with respect to the asset freeze provided for in Section V, above, any bank, brokerage firm, mutual fund, hedge fund or other financial institution or any other person, partnership, corporation or other entity maintaining or having custody or control of: (a) any brokerage or depository accounts or other assets of RM Farm or Sunshine Enterprises;  (b) accounts, securities or funds of any kind in the name of RM Farm or Sunshine Enterprises into which investor or customer funds or proceeds have been invested or deposited; (c) accounts or assets under the direct or indirect control of RM Farm or Sunshine Enterprises; or (d) other tangible or intangible assets under the direct or indirect control of RM Farm or Sunshine Enterprises, who receives actual notice of this Order, shall:

      (i)    freeze such accounts, funds or assets;

      (ii)    within five (5) business days of receipt of such notice, file with the Court and serve on counsel for the Commission and for Settling Defendants, a certified statement setting forth, with respect to each such account, fund or other assets, the balance in the account or the description of the assets as of the close of business on the date of the receipt of the notice;

      (iii)    promptly cooperate with the Commission to determine whether and to what extent any accounts, funds or other assets are actually assets or proceeds of assets of any of the Settling Defendants.

## VII

As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Settling Defendants, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise or (b) any of the Frozen Assets, wherever located (such proceedings are hereinafter referred to as "Ancillary Proceedings").

## VIII

The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

## IX

All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of one or more of the Settling Defendants against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## X

**IT IS FURTHER ORDERED** that this Order does not preclude the Commission from seeking disgorgement and prejudgment interest and the imposition of civil penalties, a permanent injunction, or any other relief, in this action.

## XI

**IT IS FURTHER ORDERED** that nothing in this order or the Consent shall be construed as a waiver of any Fifth Amendment right against self-incrimination by Ms. Stachniw or as compelling her to waive such rights in his dealings with the Receiver; provided however, that: (1) as described in Paragraph III above, Ms. Stachniw shall not be permitted to contest the allegations of the Complaint in connection with any motion by the Commission for disgorgement or a civil penalty; (2) as described in Paragraph 11 of the Consent, Ms. Stachniw shall not be permitted to contest that any debt for disgorgement, prejudgement interest or a civil penalty entered in this action is a debt for violation of the securities laws as set forth in 11 U.S.C. §523(a)(19); and (3) Ms. Stachniw shall comply with the terms of 17 C.F.R. § 202.5(e) in the manner described in  Paragraph 11 of the Consent. Further, nothing in this order shall prohibit Ms. Stachniw from objecting to the court regarding any action proposed or taken by the Receiver.

- 8 -

## XII

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

Dated: October 18, 2019.   BY THE COURT:

_____
Daniel D. Domenico
United States District Judge