IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:19-cv-02789-RMR-KLM

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MARK RAY, et al.,

    Defendants.

**ORDER**

This matter is before the Court on the most recent Joint Status Report Regarding Issuing Subpoenas, ECF No. 74, filed by state-court-appointed Receiver Gary Schwartz. For the reasons stated below, the Court ORDERS that this case be administratively closed pursuant to Local Civil Rule 41.2, subject to re-opening for good cause.

### I.    BACKGROUND

On September 30, 2019, Plaintiff the Securities and Exchange Commission filed a Complaint alleging that Defendants "have engaged in acts or practices or aided, abetted and caused . . . violations of Sections 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act of 1933[;] . . . violations of Section 10(b) of the Securities Exchange Act of 1934[; and] . . . violations of Sections 5(a) and 5(c) of the Securities Act." ECF No. 1 ¶¶ 10–12. These alleged violations arose out of what the Complaint describes as "a cattle Ponzi

scheme perpetrated by Mark Ray and various entities that he controls," with which "Reva Stachniw and Ron Throgmartin substantially assisted." *Id.* ¶ 1.

On October 10 and 18, 2019, the Court granted Plaintiff's Motions for Entry of Consent Orders, ECF Nos. 3, 10, 14, 15, and entered consent bifurcated judgments as to all Defendants in this case. ECF Nos. 11, 12, 16; *see also* ECF Nos. 47, 59 (amending the Consent Bifurcated Judgment as to Defendant Ronald Throgmartin). The second Motion for Entry of Consent Order noted that, in a parallel action in the District Court for the City and County of Denver, "the Colorado Securities Commissioner has obtained a receiver over most [of] the other defendants in this action, and the SEC believes that, in the near future, the receivership will be expanded to include the assets frozen as part of the proposed settlement that is the subject of the instant motion." ECF No. 14 at 3. The Motion further states that, "[w]hen coupled with the bifurcated settlement orders already signed by the Court, this settlement will have the effect of administratively staying this case in its entirety (with the exception of potential interventions by third parties seeking relief of the litigation stay or asset freeze) until after the receiver distributes the assets of the receivership." *Id.* Accordingly, upon granting that Motion, the Court "administratively STAYED [this case] until thirty days after any state-court-appointed receiver over the Defendants has obtained approval of a final plan for distributing their assets to investors, or until further order of this Court should no such receiver be appointed." ECF No. 15 at 1. The Court further ordered the parties to file joint status reports every six months. *Id.* at 2.

On February 5, 2020, the Receiver filed an Unopposed Motion for Relief from Administrative Stay for Limited Purpose of Issuing Subpoenas, ECF No. 19, arguing that, "[b]ecause many of the relevant documents and persons" needed to investigate the relevant facts and to perform a thorough forensic accounting "are located outside the jurisdiction of the State of Colorado, the limited reach of state court process is hampering the Receiver's investigation and management of the Estate." ECF No. 19 ¶ 8. Therefore, the Receiver "request[ed] that this Court lift the administrative stay for the limited purpose of permitting the Receiver to issue federal subpoenas pursuant to Fed. R. Civ. P. 45 for relevant documents and witnesses." *Id.* ¶ 9. The Court granted the motion on March 3, 2020. ECF No. 22. The administrative stay has therefore been lifted ever since, as the Receiver's investigation progressed. *See* ECF Nos. 27, 29, 31, 34, 35, 38, 45, 58, 61, 63, 65, 68, 70, 72 (Status Reports).

Most recently, the Receiver filed a Joint Status Report Regarding Issuing Subpoenas, which states that "[a]t this point in the state court receivership case, the Receiver has submitted a proposed plan of distribution and has received two objections to the proposed plan. The Receiver has determined that neither objection will require the use of a federal subpoena." ECF No. 74 ¶ 1. Therefore, the Receiver states that he "no longer requires the Court to maintain the Order lifting the administrative stay for the limited purpose of permitting the Receiver to issue federal subpoenas pursuant to Fed. R. Civ. P. 45." *Id.* ¶ 2.

## II.     ANALYSIS

The original order administratively staying the case ordered that it be stayed "until thirty days after any state-court-appointed receiver over the Defendants has obtained **approval of a final plan** for distributing their assets to investors . . . ."  See ECF No. 15 at 1 (emphasis added).  The most recent Joint Status Report Regarding Issuing Subpoenas notes that "the Receiver has submitted a **proposed plan** of distribution and has received two objections to the proposed plan."  ECF No. 74 ¶ 1 (emphasis added).  Therefore, it appears that the Receiver has not "obtained approval of a final plan for distributing [Defendants'] assets to investors," see ECF No. 15 at 1, but federal subpoenas are no longer required, ECF No. 74 ¶ 2.  As such, it appears that the administrative stay that was lifted on March 3, 2020, ECF No. 21, may be reinstated, consistent with the Court's original stay order.

However, Rule 41.2 of the Local Civil Rules of the District of Colorado provides that "[a] district judge or a magistrate judge exercising consent jurisdiction may order the clerk to close a civil action administratively subject to reopening for good cause." D.C.COLO.LCivR 41.2.  "Because an administratively closed case 'still exists on the docket of the district court,' it 'may be reopened upon request of the parties or on the court's own motion.'" *Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (quoting *Mire v. Full Spectrum Lending Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)).

As provided in the Local Rule, "a party seeking to reopen a case that has been administratively closed must demonstrate good cause."  *Id.*; *see also* D.C.COLO.LCivR 41.2.  "But courts have not viewed this good cause standard as an onerous one.  Instead,

4

good cause to reopen a case exists where 'the parties wish to litigate the remaining issues that have become ripe for review.'" *Patterson*, 631 F. App'x at 534 (citing *American Fam. Mut. Ins. Co. v. Teamcorp, Inc.*, 835 F. Supp. 2d 1083, 1086 (D. Colo. 2011)).  Similarly, here, the Court would not view the good cause standard as an onerous one, and would find that good cause exists to reopen the case, for example, when "thirty days after any state-court-appointed receiver over the Defendants has obtained approval of a final plan for distributing their assets to investors" has lapsed and where "the parties [may] wish to litigate [any] remaining issues that have become ripe for review."  See ECF No. 15 at 1; *Patterson*, 631 F. App'x at 534.

## III.   CONCLUSION

For the reasons stated above, the Court ORDERS that, rather than reinstating the administrative stay, this case be administratively closed pursuant to Local Civil Rule 41.2, subject to re-opening for good cause.

DATED:  June 9, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

5